UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVERIDIS HEALTH SCIENCES, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:16 CV 1729 RWS |
| 123 DIRECT LTD, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Everidis Health Sciences, LLC's ("Everidis") Motion for Entry of Default Judgment against Defendants 123 Direct LTD d/b/a 123 Direct USA d/b/a 123HealthShop, Jose Manuel Mendez Navarro, and Jeremy Michael Rourke-Pilott (collectively "123 Direct" or "Defendants"). Upon consideration of Everidis's Motion and accompanying documents, the Court finds and orders as follow:

1. Everidis filed this action on November 4, 2016 to obtain injunctive and monetary relief for Defendants' violations of the Lanham Act at 15 U.S.C. § 1125(a), Missouri common law unfair competition, and R.S. Mo. § 417.061. Everidis seeks a judgment on only its Lanham Act (Count I) claim.

2. Everidis's complaint alleges that Defendants sold unlawful gray-market goods in violation of Everidis's exclusive right to distribute and sell Equazen brand products and products containing the Equazen trademarks in the United States. Everidis asserts that Defendants' unlawful sale and marketing was done knowingly. Plaintiff seeks injunctive relief under 15 U.S.C. § 1116(a), an award of $28,820.64 in monetary damages in accordance with 15 U.S.C. § 1117(a), and an award of $2,042.82 for its costs and $28,820.04 for its attorney's fees incurred in prosecuting this action in accordance with 15 U.S.C. § 1117(a).

3. Everidis personally served each Defendant with certified copies of the Complaint and accompanying documents through Process Servers Kent LTD at 123 Direct's address registered with the United Kingdom's Companies House.

4. Defendants failed to file an answer or other responsive pleadings within the time required by Fed. R. Civ. Proc. 12.

5. The clerk entered Default against all named Defendants on December 7, 2016.

6. In its Motion for Default Judgment against the Defendants, Everidis asks for judgment, jointly and severally, the principal sum of $28,824.64, plus $2,042.82 in costs, attorney's fees in the amount of $221,703.75, and pre and post-judgment interest at the rate of nine (9%) percent, per annum.

7. Everidis provided evidence by declaration or documentation of the following:

   a. Everidis purchased the exclusive license to distribute and sell the Equazen brand within the United States and use the Equazen trademarks in United States commerce.

   b. Defendants, through their www.Amazon.com merchant name "123 Direct USA" sold gray market Equazen brand products to United States consumers through www.Amazon.com during the time period in which Everidis owned the exclusive license to distribute and sell the Equazen brand within the United States and use the Equazen trademarks in United States commerce.

   c. Defendants obtained $9,606.88 in profit from their unlawful sale of gray market Equazen brand products through www.Amazon.com to the United States.

   d. Defendants' unlawful sale of Equazen products to the United States was done knowingly and therefore willfully.

   e. The Equazen products Defendants sold to United States consumers through www.Amazon.com were materially different from the authorized products Equazen sells to United States consumers. Defendants' Equazen products therefore constitute illegal gray market goods.

   f. Defendants' sale of illegal gray market goods was likely to cause consumer confusion.

   g. Through the sale of illegal gray market goods, Defendants willfully violated 15 U.S.C. § 1125(a).

    h. Everidis expended $2,042.82 in costs and attorneys' fees in the amount of $21,703.75 to prosecute this action

**IT IS HEREBY ORDERED** that the motion for default judgment [22] is granted, and judgment is entered against defendants 123 Direct LTD d/b/a 123 Direct USA d/b/a 123HealthShop, United Kingdom Company number 07235804, Jose Manuel Mendez Navarro, and Jeremy Michael Rourke-Pilott, jointly and severally, as follows:

    a. An award of $28,820.64 for Defendants' willful violation of 15 U.S.C. § 1125(a) in accordance with 15 U.S.C § 1117(a);

    b. An award of $2,042.82 for Everidis's costs incurred in prosecuting this action in accordance with 15 U.S.C. § 1117(a);

    c. An award of $21,703.75 for Everidis's attorney's fees incurred in prosecuting this action in accordance with 15 U.S.C. § 1117(a);

    d. and Defendants are permanently enjoined from distributing and selling gray market Equazen brand Products or gray market products containing the Equazen trademarks in accordance with 15 U.S.C. § 1116(a) within the United States or to consumers located in the United States.

**IT IS FURTHER ORDERED** that John Does 1-10 are dismissed without prejudice.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                      RODNEY W. SIPPEL
                                                      UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2017.